**BRITCHER LEONE, L.L.C.**
E. Drew Britcher, Esq. (037421984)
175 Rock Road
Glen Rock, NJ 07452
(201) 444-1644
Attorneys for the Plaintiff

| | |
|---|---|
| CARMELO JOHN GIUFFRE, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: BERGEN COUNTY<br>: DOCKET NO. BER-L-1521-16<br>: |
| Plaintiff, | : |
| | : |
| -vs- | : **CIVIL ACTION**<br>: |
| NORTH AMERICAN SPINE LLC; | : **SUMMONS** |
| DAMON J. NOTO, MD; SPINE & JOINT | : |
| CENTER; HACKENSACK SURGERY | : |
| CENTER, LLC; LIBERTY SPINE & PAIN, | : |
| LLC; DOUG JOHNSON, PA; S&D SURGICAL | : |
| SYSTEMS, INC.; WILLIAM L. HIGH, MD, | : |
| PHD; JON S. HOLT, CNIM, R EDT, R EPT; | : |
| JOHN DOE, MD 1-10; JANE DOE, MD 1-10; | : |
| JOHN DOE, RN 1-10; JANE DOE, RN 1-10; | : |
| JOHN DOE 1-10; JANE DOE 1-10; JOHN | : |
| DOE CORP. 1-10, fictitious names, | : |
| | : |
| Defendants. | : |

From the State of New Jersey

To:    Managing Agent
       North American Spine LLC
       10740 N. Central Expressway
       Dallas, TX 75231

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory

of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral

Services is available in the Civil Division Management Office in the county listed above and

online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: February 25, 2016                    /S/ Michelle M. Smith
                                            Michelle M. Smith
                                            Clerk of the Superior Court

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   FEBRUARY 22, 2016
                    RE:     GIUFFRE VS NORTH AMERICAN SPINE LLC
                    DOCKET: BER L -001521 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHARLES E. POWERS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
  CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: E. DREW BRITCHER
                         BRITCHER LEONE & ROTH LLC
                         175 ROCK ROAD
                         GLEN ROCK        NJ 07452

JUBCOS0
```

**BRITCHER LEONE, L.L.C.**
E. Drew Britcher, Esq. (037421984)
175 Rock Road
Glen Rock, NJ 07452
(201) 444-1644
Attorneys for the Plaintiff

*SUPERIOR COURT BERGEN COUNTY*
*FILED*
*FEB 22 2016*
*DEPUTY CLERK*

---

CARMELO JOHN GIUFFRE,

      Plaintiff,

-vs-

NORTH AMERICAN SPINE LLC;
DAMON J. NOTO, MD; SPINE & JOINT
CENTER; HACKENSACK SURGERY
CENTER, LLC; LIBERTY SPINE & PAIN,
LLC; DOUG JOHNSON, PA; S&D SURGICAL
SYSTEMS, INC.; WILLIAM L. HIGH, MD,
PHD; JON S. HOLT, CNIM, R EDT, R EPT;
JOHN DOE, MD 1-10; JANE DOE, MD 1-10;
JOHN DOE, RN 1-10; JANE DOE, RN 1-10;
JOHN DOE 1-10; JANE DOE 1-10; JOHN
DOE CORP. 1-10, fictitious names,

      Defendants.

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION: BERGEN COUNTY
: DOCKET NO. BER-L- 1521-16
:
:
: **CIVIL ACTION**
:
: **COMPLAINT, JURY DEMAND, AND**
: **DESIGNATION OF TRIAL COUNSEL**
:
:
:
:
:
:
:
:
:
:

---

    Plaintiff, Carmelo John Giuffre, residing at 35 Jeffrey Place in the Borough of Staten Island, County of Richmond and State of New York, by way of Complaint against the defendants, herein says:

### FIRST COUNT

    1.    On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, North American Spine LLC, was and is a duly licensed medical practice in the State of Texas specializing in minimally invasive, laser spine procedures to treat chronic back pain with offices located at 10740 N. Central Expressway in the City of Dallas, County of Dallas and State of Texas.

    2.    On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented

himself to the above defendant for medical care and treatment.

3.    At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical practice.

4.    At the time aforementioned, defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of North American Spine LLC, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice.

5.    As a direct result of the negligent conduct of the defendants as aforementioned, plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for compensatory damages, interest thereon, costs of suit and such

other and further relief as the Court may deem equitable and just.

## SECOND COUNT

### (Misrepresentation)

1.  Plaintiff repeats each and every allegation contained in the First Count of the Complaint as though duly set forth herein and at length.

2.  On or about February 21, 2014, the defendant, North American Spine LLC, by and through its agents, employees, and/or assigns, entered into an agreement with the plaintiff, Carmelo John Giuffre, for spine surgery.

3.  The defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, represented to the plaintiff that his surgery was appropriate for his condition, with little risk and great benefit and would be performed by a physician competent in the minimally invasive procedure agreed to by the plaintiff.

4.  Each and every representation made by the defendant as aforesaid was false when made and defendant knew that said representations were false. Defendant wilfully and maliciously made false representations to induce the plaintiff to rely thereon. Plaintiff did in fact rely on said fraudulent representations causing him to enter into the agreement with the defendant for its services.

5.  The fraudulent representations made by the defendant were material in that the plaintiff would not have entered into said agreement but for the trust and confidence he placed in the representations of the defendant.

6.  As a direct and proximate result of the misrepresentations of the defendant, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the

3

future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## THIRD COUNT

### (Detrimental Reliance)

1.  Plaintiff repeats each and every allegation contained in the First and Second Counts of the Complaint as though duly set forth herein and at length.

2.  The aforesaid misrepresentations by the defendant North American Spine LLC, by and through its agents, servants, employees and/or assigns were recklessly or negligently made. Defendant knew or should have known that the plaintiff would rely thereon.

3.  Defendant wilfully, recklessly or negligently made said false and fraudulent representations to the plaintiff to induce him to enter into an agreement for its services in reliance thereon.

4.  The plaintiff did in fact rely upon said false and fraudulent representations causing him to enter into an agreement with the defendant for its services.

5.  The fraudulent representations made by the defendant were material in that the

4

plaintiff would not have entered into said agreement but for the trust and confidence he placed in the representations of the defendant.

6.      As a direct and proximate result of the defendant's false and fraudulent representations, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## FOURTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Third Counts of the Complaint as though duly set forth herein and at length.

2.      Upon information and belief, on or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Damon J. Noto, MD, was a duly licensed physician in the State of New Jersey specializing in pain management and physical medicine and rehabilitation, with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and State of New Jersey.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented

5

himself to the above defendant for medical care and treatment.

4.        At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, defendant, Damon J. Noto, MD, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.        At the time aforementioned, defendant, Damon J. Noto, MD, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that he failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.        As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

6

## FIFTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Fourth Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Spine and Joint Center, was and is a duly licensed medical practice in the State of New Jersey with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and State of New Jersey.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.      At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Spine and Joint Center, by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical practice.

5.      At the time aforementioned, defendant, Spine and Joint Center, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of Spine and Joint Center, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in

7

the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## SIXTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Fifth Counts of the Complaint as though duly set forth herein and at length.

2.     On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Liberty Spine & Pain, LLC, was and is a duly licensed medical practice in the State of New Jersey with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and State of New Jersey.

3.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.     At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Liberty Spine & Pain, LLC, by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John

8

Giuffre, in accordance with accepted standards of good and reasonable medical practice.

5. At the time aforementioned, defendant, Liberty Spine & Pain, LLC, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of Spine and Joint Center, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice

6. As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## SEVENTH COUNT

1. Plaintiff repeats each and every allegation contained in the First through Sixth Counts of the Complaint as though duly set forth herein and at length.

9

2.     On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Hackensack Surgery Center LLC, was and is a duly licensed medical practice in the State of New Jersey with offices located at 19 Kotte Place in the City of Hackensack, County of Bergen and State of New Jersey.

3.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.     At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Hackensack Surgery Center, LLC, by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.     At the time aforementioned, defendant, Hackensack Surgery Center, LLC, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that the agents, employees and/or assigns of Hackensack Surgery Center, LLC, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.     As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

10

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## EIGHTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Seventh Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Doug Johnson, PA, was and is a  duly licensed and practicing health care professional whose specializations, if any, are unknown to the Plaintiff.  On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care to the defendant.

3.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendant, Doug Johnson, PA, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

4.      At the time aforementioned, Defendant, Doug Johnson, PA, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that he failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

11

5.    As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## NINTH COUNT

1.    Plaintiff repeats each and every allegation contained in the First through Eighth Counts of the Complaint as though duly set forth herein and at length.

2.    On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, S&D Surgical Systems, Inc., was and is a duly licensed medical practice in the State of Texas with offices located at 12337 Jones Road in the City of Houston and State of Texas.

3.    On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.    At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, S&D Surgical Systems, Inc., by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to,

12

examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.      At the time aforementioned, defendant, S&D Surgical Systems, Inc., by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that the agents, employees and/or assigns of S&D Surgical Systems, Inc., failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## TENTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Ninth

13

Counts of the Complaint as though duly set forth herein and at length.

2.      Upon information and belief, on or about February 21, 2014 and for some time prior thereto and thereafter, defendant, William L. High, MD, was a duly licensed physician in the State of Texas, specializing in Neurology, with offices located at 12337 Jones Road in the City of Houston and State of Texas.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.      At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, defendant, William L. High, MD, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.      At the time aforementioned, defendant, William L. High, MD, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that he failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants,

14

North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

### ELEVENTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Tenth Counts of the Complaint as though duly set forth herein and at length.

2.     On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Jon S. Holt, CNIM, R EDT, R EPT, was and is a duly licensed and practicing electrodiagnostic technician. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care to the defendant.

3.     At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendant, Jon S. Holt, CNIM, R EDT, R EPT, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

4.     At the time aforementioned, Defendant, Jon S. Holt, CNIM, R EDT, R EPT, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that he failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

15

5.     As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## TWELFTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Eleventh Counts of the Complaint as though duly set forth herein and at length.

2.     On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe, MD 1-10 and Jane Doe, MD 1-10, were duly licensed and practicing physicians in the State of New Jersey whose specializations, if any, are unknown to the Plaintiff. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care and treatment to the Defendants.

3.     The Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe, MD 1-10 and/or Jane Doe, MD 1-10. At such time as the Plaintiff learns the true

16

identity of John Doe, MD 1-10 and/or Jane Doe, MD 1-10, this Complaint will be amended to reflect same.

4.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.     At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and treatment in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.     At the time aforementioned, Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

7.     As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10,

17

individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

### THIRTEENTH COUNT

1.    Plaintiff repeats each and every allegation contained in the First through Twelfth Counts of the Complaint as though duly set forth herein at length.

2.    On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants John Doe, RN 1-10 and/or Jane Doe, RN 1-10, were duly licensed and practicing nurses in the State of New Jersey whose specializations, if any, are unknown to the Plaintiff. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical and nursing care.

3.    The Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe, RN 1-10 and/or Jane Doe, RN 1-10. At such time as the Plaintiff learns the true identity of John Doe, RN 1-10 and/or Jane Doe, RN 1-10, this Complaint will be amended to reflect same.

4.    On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.    At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and treatment in accordance with the accepted standards of good and reasonable medical practice.

6.    At the time aforementioned, Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, negligently failed to exercise the degree of care required by accepted standards of good

18

medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or nursing practice.

7. As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## FOURTEENTH COUNT

1. Plaintiff repeats each and every allegation contained in the First through Thirteenth Counts of the Complaint as though duly set forth herein at length.

2. On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe 1-10 and/or Jane Doe 1-10, were administrators, health care professionals, social workers and/or other individuals involved with the care of Carmelo John Giuffre.

3. The Defendants, John Doe 1-10 and/or Jane Doe 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe 1-10

19

and/or Jane Doe 1-10. At such time as the Plaintiff learns the true identity of John Doe 1-10 and/or Jane Doe 1-10, this Complaint will be amended to reflect same.

4.      On or about February 21, 2014 the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendants, John Doe 1-10 and/or Jane Doe 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

6.      At the time aforementioned, Defendants, John Doe 1-10 and/or Jane Doe 1-10, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

7.      As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

WHEREFORE, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John

20

Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## FIFTEENTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Fourteenth Counts of the Complaint as though duly set forth herein at length.

2.      On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe Corp. 1-10, were providers and/or manufacturers of health care equipment or product(s) or were providers of health care in the State of New Jersey.

3.      The Defendants, John Doe Corp. 1-10 are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe Corp. 1-10. At such time as the Plaintiff learns the true identity of John Doe Corp. 1-10, this Complaint will be amended to reflect same.

4.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendants, John Doe Corp. 1-10 agreed to undertake and provide Carmelo John Giuffre with health care services and/or equipment or other products in accordance with applicable standards.

6.      At the time aforementioned, Defendants, John Doe Corp. 1-10 negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed, individually and/or by and through their agents, servants, employees and/or assigns, to

21

provide the Plaintiff, Carmelo John Giuffre, with health care and/or equipment or other products in accordance with applicable standards.

7.      As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE,** plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 1-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

<u>**DEMAND FOR ANSWERS TO INTERROGATORIES**</u>

Plaintiff hereby demands that Defendant(s) provide answers to Form C and C(3) Interrogatories as set forth in the Appendix to the New Jersey Court Rules within the time set forth therein.

<u>**JURY DEMAND**</u>

**PLEASE TAKE NOTICE** that the Plaintiff demands that the issues herein be tried by a jury.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

**E. DREW BRITCHER, ESQ.,** is hereby designated as trial counsel in the above-captioned

22

matter.

BRITCHER LEONE, L.L.C.
Attorneys for the Plaintiff

Dated: February 19, 2016          By:

E. DREW BRITCHER

## CERTIFICATION PURSUANT TO R. 4:5-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy in this action is not the subject of any pending State action or arbitration.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: February 19, 2016

E. DREW BRITCHER

23

Appendix XII-B1

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>E. Drew Britcher, Esq. | TELEPHONE NUMBER<br>(201) 444-1644 | COUNTY OF VENUE<br>Bergen |
|---|---|---|
| FIRM NAME (if applicable)<br>Britcher Leone, LLC | | DOCKET NUMBER (when available)<br>BER-L- |
| OFFICE ADDRESS<br>175 Rock Road<br>Glen Rock, NJ  07452 | | DOCUMENT TYPE<br>Complaint and Jury Demand |
| | | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Carmelo John Giuffre | CAPTION<br>Giuffre v. North American Spine LLC, Damon J. Noto, MD, Spine & Joint Center, Hackensack Surgery Center, LLC, Doug Johnson, PA, et als. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>604 | HURRICANE SANDY RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ■ YES   ☐ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes   ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE   ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES   ■ No | IF YES, IS THAT RELATIONSHIP?<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Medical malpractice action alleging deviations in the standard of care rendered to the plaintiff resulting in serious and permanent injuries.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 12-07-2015, CN 10517-English

page 1 of 2

  


**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 160 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN

290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

### Please check off each applicable category ☐ Putative Class Action   ☐ Title 59