**BRITCHER LEONE, L.L.C.**
E. Drew Britcher, Esq. (037421984)
175 Rock Road
Glen Rock, NJ 07452
(201) 444-1644
Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO JOHN GIUFFRE, | : **CIVIL ACTION NO.** |
| Plaintiff, | : **16–1641 (MCA) (LDW)** |
| -vs- | : |
| NORTH AMERICAN SPINE LLC; DAMON J. NOTO, MD; SPINE & JOINT CENTER; HACKENSACK SURGERY CENTER, LLC; LIBERTY SPINE & PAIN, LLC; DOUG JOHNSON, PA; S&D SURGICAL SYSTEMS, INC.; WILLIAM L. HIGH, MD, PHD; JON S. HOLT, CNIM, R EDT, R EPT; ADAM MARTIN, JOHN DOE, MD 1-10; JANE DOE, MD 1-10; JOHN DOE, RN 1-10; JANE DOE, RN 1-10; JOHN DOE 2-10; JANE DOE 1-10; JOHN DOE CORP. 1-10, fictitious names, | : **AMENDED COMPLAINT, JURY DEMAND,** : **AND DESIGNATION OF TRIAL COUNSEL** |
| Defendants. | : |

Plaintiff, Carmelo John Giuffre, residing at 35 Jeffrey Place in the Borough of Staten Island, County of Richmond and State of New York, by way of Complaint against the defendants, herein says:

### FIRST COUNT

1.    On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, North American Spine LLC, was and is a duly licensed medical practice in the State of Texas specializing in minimally invasive, laser spine procedures to treat chronic back pain with offices located at 10740 N. Central Expressway in the City of Dallas, County of Dallas and State

of Texas.

2.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

3.     At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical practice.

4.     At the time aforementioned, defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of North American Spine LLC, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice.

5.     As a direct result of the negligent conduct of the defendants as aforementioned, plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe,

MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## SECOND COUNT

### (Misrepresentation)

1.      Plaintiff repeats each and every allegation contained in the First Count of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014, the defendant, North American Spine LLC, by and through its agents, employees, and/or assigns, entered into an agreement with the plaintiff, Carmelo John Giuffre, for spine surgery.

3.      The defendant, North American Spine LLC, by and through its agents, servants, employees and/or assigns, represented to the plaintiff that his surgery was appropriate for his condition, with little risk and great benefit and would be performed by a physician competent in the minimally invasive procedure agreed to by the plaintiff.

4.      Each and every representation made by the defendant as aforesaid was false when made and defendant knew that said representations were false. Defendant wilfully and maliciously made false representations to induce the plaintiff to rely thereon. Plaintiff did in fact rely on said fraudulent representations causing him to enter into the agreement with the defendant for its services.

5.      The fraudulent representations made by the defendant were material in that the plaintiff would not have entered into said agreement but for the trust and confidence he placed in the representations of the defendant.

3

6.      As a direct and proximate result of the misrepresentations of the defendant, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

### THIRD COUNT

### (Detrimental Reliance)

1.      Plaintiff repeats each and every allegation contained in the First and Second Counts of the Complaint as though duly set forth herein and at length.

2.      The aforesaid misrepresentations by the defendant North American Spine LLC, by and through its agents, servants, employees and/or assigns were recklessly or negligently made. Defendant knew or should have known that the plaintiff would rely thereon.

3.      Defendant wilfully, recklessly or negligently made said false and fraudulent representations to the plaintiff to induce him to enter into an agreement for its services in reliance thereon.

4.      The plaintiff did in fact rely upon said false and fraudulent representations causing

4

him to enter into an agreement with the defendant for its services.

5.     The fraudulent representations made by the defendant were material in that the plaintiff would not have entered into said agreement but for the trust and confidence he placed in the representations of the defendant.

6.     As a direct and proximate result of the defendant's false and fraudulent representations, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

### FOURTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Third Counts of the Complaint as though duly set forth herein and at length.

2.     Upon information and belief, on or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Damon J. Noto, MD, was a duly licensed physician in the State of New Jersey specializing in pain management and physical medicine and rehabilitation, with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and

5

State of New Jersey.

3.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.     At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, defendant, Damon J. Noto, MD, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.     At the time aforementioned, defendant, Damon J. Noto, MD, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that he failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.     As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe

6

Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## FIFTH COUNT

1.       Plaintiff repeats each and every allegation contained in the First through Fourth Counts of the Complaint as though duly set forth herein and at length.

2.       On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Spine and Joint Center, was and is a duly licensed medical practice in the State of New Jersey with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and State of New Jersey.

3.       On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.       At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Spine and Joint Center, by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical practice.

5.       At the time aforementioned, defendant, Spine and Joint Center, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of Spine and Joint Center, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice

7

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

**SIXTH COUNT**

1.      Plaintiff repeats each and every allegation contained in the First through Fifth Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Liberty Spine & Pain, LLC, was and is a duly licensed medical practice in the State of New Jersey with offices located at 777 Terrace Avenue in the Borough of Hasbrouck Heights, County of Bergen and State of New Jersey.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.      At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Liberty Spine & Pain, LLC, by and through its agents, employees and/or assigns,

8

agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical practice.

5. At the time aforementioned, defendant, Liberty Spine & Pain, LLC, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical practices in that the agents, employees and/or assigns of Spine and Joint Center, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical practice

6. As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE,** plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## SEVENTH COUNT

1. Plaintiff repeats each and every allegation contained in the First through Sixth

9

Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Hackensack Surgery Center LLC, was and is a duly licensed medical practice in the State of New Jersey with offices located at 19 Kotte Place in the City of Hackensack, County of Bergen and State of New Jersey.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.      At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, Hackensack Surgery Center, LLC, by and through its agents, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.      At the time aforementioned, defendant, Hackensack Surgery Center, LLC, by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that the agents, employees and/or assigns of Hackensack Surgery Center, LLC, failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was

10

rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## EIGHTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Seventh Counts of the Complaint as though duly set forth herein and at length.

2.     On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Doug Johnson, PA, was and is a duly licensed and practicing health care professional whose specializations, if any, are unknown to the Plaintiff. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care to the defendant.

3.     At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendant, Doug Johnson, PA, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

4.     At the time aforementioned, Defendant, Doug Johnson, PA, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that he failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with

11

the accepted standards of good and reasonable medical and/or other applicable practices.

5.     As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## NINTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Eighth Counts of the Complaint as though duly set forth herein and at length.

2.     On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, S&D Surgical Systems, Inc., was and is a duly licensed medical practice in the State of Texas with offices located at 12337 Jones Road in the City of Houston and State of Texas.

3.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.     At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, the defendant, S&D Surgical Systems, Inc., by and through its agents, employees and/or assigns,

agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.    At the time aforementioned, defendant, S&D Surgical Systems, Inc., by and through its agents, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that the agents, employees and/or assigns of S&D Surgical Systems, Inc., failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.    As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

13

## TENTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Ninth Counts of the Complaint as though duly set forth herein and at length.

2.      Upon information and belief, on or about February 21, 2014 and for some time prior thereto and thereafter, defendant, William L. High, MD, was a duly licensed physician in the State of Texas, specializing in Neurology, with offices located at 12337 Jones Road in the City of Houston and State of Texas.

3.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendant for medical care and treatment.

4.      At the time of the aforementioned presentation of plaintiff, Carmelo John Giuffre, defendant, William L. High, MD, agreed to undertake and provide the plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis and medical attention to the plaintiff, Carmelo John Giuffre, in accordance with accepted standards of good and reasonable medical and/or surgical practices.

5.      At the time aforementioned, defendant, William L. High, MD, negligently failed to exercise the degree of care required by accepted standards of good and reasonable medical and/or surgical practices in that he failed to properly diagnose, monitor, medicate and treat the plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was

14

rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

### ELEVENTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Tenth Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Jon S. Holt, CNIM, R EDT, R EPT, was and is a duly licensed and practicing electrodiagnostic technician. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care to the defendant.

3.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendant, Jon S. Holt, CNIM, R EDT, R EPT, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

4.      At the time aforementioned, Defendant, Jon S. Holt, CNIM, R EDT, R EPT, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that he failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John

Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

5.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## TWELFTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Eleventh Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014 and for some time prior thereto and thereafter, defendant, Adam Martin, was and is a duly licensed and practicing technologist for Texas Neurodiagnostic Associates. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care to the defendant.

3.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendant, Adam Martin, agreed to undertake and provide Carmelo

16

John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

4.      At the time aforementioned, Defendant, , negligently failed to exercise the degree of care required by accepted standards of good medical practice in that he failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

5.      As a direct and proximate result of the defendant's negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

**THIRTEENTH COUNT**

1.      Plaintiff repeats each and every allegation contained in the First through Twelfth Counts of the Complaint as though duly set forth herein and at length.

2.      On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe, MD 1-10 and Jane Doe, MD 1-10, were duly licensed and practicing

17

physicians in the State of New Jersey whose specializations, if any, are unknown to the Plaintiff. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical care and treatment to the Defendants.

3.     The Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe, MD 1-10 and/or Jane Doe, MD 1-10.  At such time as the Plaintiff learns the true identity of John Doe, MD 1-10 and/or Jane Doe, MD 1-10, this Complaint will be amended to reflect same.

4.     On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.     At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and treatment in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

6.     At the time aforementioned, Defendants, John Doe, MD 1-10 and/or Jane Doe, MD 1-10, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or surgical practices.

7.     As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was

rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

<u>**FOURTEENTH COUNT**</u>

1.      Plaintiff repeats each and every allegation contained in the First through Thirteenth Counts of the Complaint as though duly set forth herein at length.

2.      On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants John Doe, RN 1-10 and/or Jane Doe, RN 1-10, were duly licensed and practicing nurses in the State of New Jersey whose specializations, if any, are unknown to the Plaintiff. On or about February 21, 2014, Plaintiff, Carmelo John Giuffre, was presented for medical and nursing care.

3.      The Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe, RN 1-10 and/or Jane Doe, RN 1-10. At such time as the Plaintiff learns the true identity of John Doe, RN 1-10 and/or Jane Doe, RN 1-10, this Complaint will be amended to reflect same.

4.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

19

5.     At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and treatment in accordance with the accepted standards of good and reasonable medical practice.

6.     At the time aforementioned, Defendants, John Doe, RN 1-10 and/or Jane Doe, RN 1-10, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or nursing practice.

7.     As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## FIFTEENTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First through Fourteenth

20

Counts of the Complaint as though duly set forth herein at length.

2. On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe 2-10 and/or Jane Doe 1-10, were administrators, health care professionals, social workers and/or other individuals involved with the care of Carmelo John Giuffre.

3. The Defendants, John Doe 2-10 and/or Jane Doe 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe 2-10 and/or Jane Doe 1-10. At such time as the Plaintiff learns the true identity of John Doe 2-10 and/or Jane Doe 1-10, this Complaint will be amended to reflect same.

4. On or about February 21, 2014 the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5. At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre, for medical care and treatment, Defendants, John Doe 2-10 and/or Jane Doe 1-10, agreed to undertake and provide Carmelo John Giuffre with medical care and assistance with treatment in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

6. At the time aforementioned, Defendants, John Doe 2-10 and/or Jane Doe 1-10, negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed to properly diagnose, medicate and treat the Plaintiff, Carmelo John Giuffre, in accordance with the accepted standards of good and reasonable medical and/or other applicable practices.

7. As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in

the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre, demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## SIXTEENTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Fifteenth Counts of the Complaint as though duly set forth herein at length.

2.      On or about February 21, 2014, and for some time prior thereto and thereafter, Defendants, John Doe Corp. 1-10, were providers and/or manufacturers of health care equipment or product(s) or were providers of health care in the State of New Jersey.

3.      The Defendants, John Doe Corp. 1-10 are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe Corp. 1-10. At such time as the Plaintiff learns the true identity of John Doe Corp. 1-10, this Complaint will be amended to reflect same.

4.      On or about February 21, 2014, the plaintiff, Carmelo John Giuffre, presented himself to the above defendants for medical care and treatment.

5.      At the time of the aforementioned presentation of Plaintiff, Carmelo John Giuffre,

22

for medical care and treatment, Defendants, John Doe Corp. 1-10 agreed to undertake and provide Carmelo John Giuffre with health care services and/or equipment or other products in accordance with applicable standards.

6.     At the time aforementioned, Defendants, John Doe Corp. 1-10 negligently failed to exercise the degree of care required by accepted standards of good medical practice in that they failed, individually and/or by and through their agents, servants, employees and/or assigns, to provide the Plaintiff, Carmelo John Giuffre, with health care and/or equipment or other products in accordance with applicable standards.

7.     As a direct and proximate result of the defendants' negligence as aforementioned, the plaintiff, Carmelo John Giuffre, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate himself, and was rendered unable to attend to his duties all to his loss and detriment.

**WHEREFORE**, plaintiff, Carmelo John Giuffre,  demands Judgment against defendants, North American Spine LLC, Damon J. Noto, MD, Spine and Joint Center, Liberty Spine & Pain, LLC, Hackensack Surgery Center LLC, Doug Johnson, PA, S&D Surgical Systems, Inc., William L. High, MD, Jon S. Holt, CNIM, R EDT, R EPT, Adam Martin, John Doe MD 1-10, Jane Doe, MD 1-10, John Doe, RN 1-10, Jane Doe, RN 1-10, John Doe 2-10, Jane Doe 1-10 and John Doe Corp. 1-10, individually, jointly, severally for treble damages, punitive damages, interest thereon, costs of suit and such other and further relief as the Court may deem equitable and just.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands that Defendant(s) provide answers to Form C and C(3) Interrogatories as set forth in the Appendix to the New Jersey Court Rules within the time set forth

therein.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff demands that the issues herein be tried by a jury.

## DESIGNATION OF TRIAL COUNSEL

**E. DREW BRITCHER, ESQ.**, is hereby designated as trial counsel in the above-captioned matter.

> **BRITCHER LEONE, L.L.C.**
> Attorneys for the Plaintiff

Dated: September 8, 2016        By:    /s/ E. Drew Britcher
                                       E. DREW BRITCHER

## CERTIFICATION PURSUANT TO R. 4:5-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy in this action is not the subject of any pending State action or arbitration.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: September 8, 2016        /s/ E. Drew Britcher
                                E. DREW BRITCHER

24