UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO JOHN GIUFFRE, | Civil Action No. |
| Plaintiff, | 16-1641 (MCA) (LDW) |
| v. | |
| NORTH AMERICAN SPINE LLC et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

Before the Court is a motion by defendant Athas Healthcare, LLC, doing business and impleaded as North American Spine ("Athas"), to stay the claims of plaintiff Carmelo John Giuffre against it. (ECF No. 65). Plaintiff opposes this motion (ECF Nos. 69, 90), and defendant Hackensack Surgery Center, LLC ("Hackensack Surgery") partially opposes it to the extent that discovery relating to its cross-claim against Athas would be stayed (ECF No. 68). Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, the motion is **GRANTED** as to Plaintiff's claims against Athas pending resolution of the action to compel arbitration of Plaintiff's claims against Athas that is *sub judice* before the United States District Court for the Northern District of Texas.

### I. Background and Motion

Plaintiff commenced this action in the Superior Court of New Jersey, Bergen County, Law Division, on February 22, 2016, alleging that spinal surgery he underwent on February 21, 2014 caused him injury. (Cmplt., ECF No. 1-1). His Complaint asserted claims against various

defendants, each of whom had a role in the underlying treatment, for medical malpractice, fraudulent misrepresentation, and detrimental reliance.[1] (*Id.*). On March 24, 2016, Athas removed the action to this Court on diversity grounds. (ECF No. 1). Various other defendants have asserted defense, contribution, and indemnity cross-claims against their co-defendants, including Athas. (*See* ECF Nos. 37, 63, 64, 66, 73, 78).

The Court, by a September 1, 2016 Order, granted Athas leave to file a motion to stay this proceeding in conjunction with a motion it represented it would file in the United States District Court for the Northern District of Texas seeking to compel arbitration. (ECF No. 58). Athas shortly thereafter filed a motion to stay this matter pursuant to § 3 of the Federal Arbitration Act. (ECF No. 65).

Athas argues that this action should be stayed against it under the Federal Arbitration Act because Plaintiff's claims against it purportedly fall within the scope of a clause of a contract between it and Plaintiff requiring resolution of any disputes by binding arbitration before the American Arbitration Association in Dallas, Texas. (*See* Br. in Supp., ECF No. 65-2). Athas additionally takes the position that because the Federal Arbitration Act requires a motion to compel arbitration to be filed in the district in which compulsory arbitration is sought, this Court should conduct only a threshold analysis of the arbitration clause's enforceability, reserving a full substantive analysis for adjudication in an action to compel arbitration before the United States District Court for the Northern District of Texas. (ECF No. 65-2 at 13–14).

Plaintiff opposes the stay motion, characterizing the contract containing the arbitration clause as an unenforceable contract of adhesion, as procedurally and substantively unconscionable,

---

[1] Plaintiff filed a First Amended Complaint adding an additional doctor as a defendant on September 20, 2016. (ECF No. 61). Plaintiff's amendments are immaterial to the Court's analysis of this motion.

and as no longer effective under its own terms. (*See* Br. in Oppo., ECF No. 69). Hackensack Surgery partially opposes the motion, objecting to any stay affecting its cross-claims pending against Athas. (*See* Br. in Partial Oppo., ECF No. 68).

On February 1, 2017, Athas filed a complaint before the United States District Court for the Northern District of Texas seeking an order compelling arbitration under § 4 of the Federal Arbitration Act. *Athas Health, LLC v. Giuffre*, Civ. A. No. 17-300-L (N.D. Tex.). Upon this Court's request that Plaintiff update its position on the stay in view of the recent filing of the action to compel arbitration in Texas, Plaintiff filed an additional letter brief outlining his opposition to the stay motion on February 10, 2017, which again argued that the arbitration clause in question is unenforceable. (Letter Br., ECF No. 90).

## II. Analysis

Athas, in seeking a stay under § 3 of the Federal Arbitration Act, asks the Court to conduct what would amount to a preliminary analysis of a contractual clause that it contends requires Plaintiff to arbitrate his claims against Athas. The enforceability of this clause is the central issue in the action to compel arbitration that Athas recently filed in the Northern District of Texas. Compl., *Athas Health, LLC*, Civ. A. No. 17-300-L, ECF No. 1 (N.D. Tex.).

Addressing the parties' arguments regarding the enforceability of the arbitration clause would seemingly preempt the role of the Northern District of Texas in determining whether to compel Plaintiff and Athas to resolve their dispute by arbitration.[2] Making some preliminary

---

[2] Under the terms of § 4 of the Federal Arbitration Act, only a judge in the Northern District of Texas could compel the parties to arbitrate in Dallas, as Athas claims the arbitration clause requires. *See* 9 U.S.C. § 4; *Hautz Constr., LLC v. H & M Dep't Store*, Civ. A. No. 12-3478 (FLW), 2012 WL 5880370, at *16–18 (D.N.J. Nov. 20, 2012); *Lester v. Gene Express, Inc.*, Civ.

3

finding of enforceability, as Athas asks the Court to do, is not in this Court's view appropriate when the identical issue is now pending before the Northern District of Texas, which is the proper Court to rule on the arbitrability of the claims between Plaintiff and Athas. Consequently, the issue of granting a § 3 stay is contingent on a finding of enforceability by the Northern District of Texas.[3]

Nevertheless, the Court may also stay a matter pursuant to its inherent power to manage its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Nicholas v. Wyndham Int'l, Inc.*, 149 F. App'x 79, 81 (3d Cir. 2005). A discretionary stay of the claims between Plaintiff and Athas pending a decision by the Northern District of Texas is, in this Court's view, eminently appropriate.

### III. Conclusion

For the reasons stated above, the motion by defendant Athas Healthcare, LLC, impleaded as North American Spine, LLC, to stay Plaintiff's claims against it (ECF No. 65) is **GRANTED** and the claims asserted by Plaintiff against Athas Healthcare, LLC are subject to a discretionary stay pending resolution of the action *Athas Healthcare LLC v. Giuffre*, Civ. A. No. 17-300-L, before the United States District Court for the Northern District of Texas; and

Athas Healthcare, LLC shall notify the Court within **five business days** of any resolution of or substantial event in the action *Athas Healthcare LLC v. Giuffre*, Civ. A. No. 17-300-L, before the United States District Court for the Northern District of Texas; and

---

A. No. 09-403 (RBK), 2009 WL 3757155, at *6, *8 (D.N.J. Nov. 10, 2009); *Josko v. New World Sys. Corp.*, Civ. A. No. 05-4013 (RBK), 2006 WL 2524169, at *10 (D.N.J. Aug. 29, 2006).

[3] If the Northern District of Texas compels Plaintiff and Athas to arbitrate, it is clear that a § 3 stay of Plaintiff's claims against Athas would be justified.

The Clerk of the Court shall terminate the motion filed as ECF No. 65.

**IT IS, on this 2nd day of March, 2017, SO ORDERED.**

*[signature]*

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. Madeline Cox Arleo, U.S.D.J.
          All Parties